**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jeffrey Kennedy, Respondent,

v.

Richland County School District Two, Eric Barnes, and Chuck Earles, Appellants.

Appellate Case No. 2015-000613

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-040
Heard November 17, 2016 – Filed January 25, 2017

———————

**REVERSED**

———————

Thomas Kennedy Barlow and Kathryn Long Mahoney, both of Childs & Halligan, P.A., of Columbia, for Appellants.

Thomas Jefferson Goodwyn, Jr. and Rachel Gottlieb Peavy, both of Goodwyn Law Firm, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** In this civil matter, Richland County School District Two (the District), Eric Barnes, and Chuck Earles (collectively, Appellants) appeal the

circuit court's award of actual and punitive damages to Jeffrey Kennedy in his defamation claim against them. Appellants contend the circuit court erred in (1) denying their motions for directed verdict and judgment notwithstanding the verdict (JNOV) regarding the defamation claim; (2) denying their motion for JNOV regarding individual capacity claims under the South Carolina Tort Claims Act; (3) denying their motion for JNOV regarding punitive damages, or alternatively, for a new trial absolute or nisi remittitur and affirming the constitutionality of the punitive damages award; (4) excluding evidence of Kennedy's alleged theft and termination from a subsequent employer that occurred during the pendency of the trial; and (5) failing to instruct the jury that no defamatory communication was made as a result of Kennedy's termination from the District and Kennedy's termination was not part of his defamation claim. We reverse.

1. We find the circuit court erred in denying Appellants' motions for directed verdict and JNOV on Kennedy's defamation claim. Based upon our review of the record, we find no evidence that either Earles or Barnes was responsible for disseminating the defamatory e-mail beyond its intended recipients. *See RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331, 732 S.E.2d 166, 171 (2012) ("An appellate court will reverse the [circuit] court's ruling only if no evidence supports the ruling below."). Because no evidence indicates that either Earles or Barnes printed or otherwise showed the e-mail to nonsupervisory employees, the jury could not have properly found that they exceeded the scope of their qualified privilege. *See Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 484, 514 S.E.2d 126, 134 (1999) (stating when a qualified privilege exists, the plaintiff has the burden to show actual malice or that the scope of the privilege has been exceeded). Therefore, we reverse the circuit court's decision to deny Appellants' motions for directed verdict and JNOV on Kennedy's defamation claim.

2. Because our resolution of the prior issue is dispositive, we decline to address the remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**REVERSED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**